```
       IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                     NORTHERN DIVISION
```

```
GEORGE WILSON,                      :

    Plaintiff,                      :

vs.                                 :    CIVIL ACTION 11-0478-CG-M

CITY OF SELMA,                      :

    Defendant.                      :
```

REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed a Complaint under 42 U.S.C. §§ 1983, 1985, and 1988 and a Motion to Proceed Without Prepayment of Fees ("IFP Motion"). (Docs. 1, 2). Plaintiff's Motion was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1), which provides for the automatic referral of non-dispositive pretrial matters to a Magistrate Judge. In considering the IFP Motion, the Magistrate Judge is required to screen Plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2)(B). *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions).[1] In the process of screening

---

[1]Section 1915(e)(2)(B) provides:

    (2)  Notwithstanding any filing fee, or any
    portion thereof, that may have been paid,

(Continued)

Plaintiff's action, the Court finds that this action is due to be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

I. Nature of Proceedings.

   A. Background.

Plaintiff invokes the Court's federal question jurisdiction and indicates this action is related to two state circuit court cases, CV 08-196 and CV-09-165.[2]  (Doc. 1-1, p. 1, Civil Action

---

```
        the court shall dismiss the case at any time
        if the court determines that --
            (A)  the allegation of poverty is
            untrue; or
            (B)  the action or appeal -
                (i) is frivolous or malicious;
                (ii) fails to state a claim on
                which relief may be granted; or
                (iii) seeks monetary relief
                against a defendant who is immune
                from such relief.
```

[2] Both state court cases were filed by Plaintiff against Defendant.  *Wilson v. City of Selma,* CV 08-196, was filed on October 3, 2008.  Alacourt.com describes this case's status as "active," with the last activity having occurred on September 9, 2009.  And *Wilson v. City of Selma,* CV 09-165, was filed on August 31, 2009.  Alacourt.com describes this case's status as "active" as well, with the last activity having taken place on October 16, 2009.  Both cases appear to be on the circuit court's docket, with no final judgment entered or appeal pending.

    In light of this information reflecting Plaintiff's state court cases are still active, at this time, the Court did not
(Continued)

Cover Sheet).  His claims are for the "suppression of evidence [and] denial of due process" in regard to his state court cases, and he seeks to enforce these violations through 42 U.S.C. §§ 1983, 1985, and 1988.  (*Id.*; Doc. 1, p. 1).

When the present action was filed against Defendant City of Selma, Alabama, Plaintiff also filed *Wilson v. Selma Water Works and Sewer Board,* CA 11-0479-B-B (S.D. Ala. May 8, 2012), which was dismissed for lack of subject matter jurisdiction.[3]  This dismissal is being appealed to the Eleventh Circuit Court of Appeals.

    B.   <u>Complaint</u>.  (Doc. 1)

For his present Complaint, Plaintiff filled in the example complaint contained in the *Pro Se Litigant Guide* with sparse information and attached to it a copy of his "Motion for Injunction/Stay/Restraining Order Against City of Selma and Demolition of building [First + Lapsley]" ("motion") filed in

---

discuss the applicability of the *Rooker-Feldman* doctrine, which requires the dismissal of an action for lack of subject matter jurisdiction when a plaintiff files an action in federal district court challenging a final judgment in state court. *See Nicholson v. Shafe,* 558 F.3d 1266, 1268 (11th Cir. 2009).

    [3] In *Wilson v. Selma Water Works and Sewer Board* ("Board"), CA 11-0479-B-B, Plaintiff sought to recover damages for the cracks in the building that is the subject of the present action. (Doc. 28, p. 6).  Prior to filing the action against the Board in this Court, he had filed a case in the state court which he appealed to the Alabama Supreme Court.  (*Id.*, p. 2).

the Circuit Court for Dallas County, Alabama.  (Doc. 1, p. 3).  The attached motion is the only source of factual information for Plaintiff's claims; this information is very limited.

In the motion Plaintiff contends that Defendant is acting contrary of the "spirit" of Alabama's condemnation laws when it sued Plaintiff, a private party, for the purpose of demolishing the building in which he has an interest in order to allow John Oliver, a non-resident of Selma, to be able to sell his property at a higher price because Oliver's property would now have a parking lot instead of a "two car frontage."  (*Id.*, p. 3).  Plaintiff informs that the subject building at "First Avenue and Lapsley Street in 'Historic Selma' is a Civil Rights site[,] being the headquarters of the Dallas County Voters League."  (*Id.*, p. 4).  The cracks that developed in the building were evaluated by the Alabama Gas Company, which found that the manhole covers installed by Defendant corresponded to the areas where the sidewalk had sunk and the building's cracks were located.  (*Id.*).

Plaintiff alleges that Defendant's Resolution R201-07/08, dated June 23, 2008, is "defective" because the building's address is incorrect and the "finding by the building inspector" does not contain any information from the actual inspector, Mr. Finis Harris.  (*Id.,* p. 3).  Plaintiff alleges that Defendant does not have any official surveys, examinations, tests,

sounding, borings or samplings of the building.  (*Id.*). Plaintiff also complains that Defendant's responses to his requests have been "intentionally misleading, 'stonewalling', 'surprise' and 'dubious' materials[,]" which he explains by stating generally that Defendant "did not provide subpoenaed/discovery evidence."  (*Id.*, pp. 2, 4).

Then, without showing in the Complaint any connection to his claim regarding the building, Plaintiff complains that Defendant contributed to "malfeasance" when a municipal judge volunteered to be the Social Security payee for John D. Wilson, an incompetent, and then withdrew without having assured that John D. Wilson received treatments or medications or that his property was protected.[4]  (*Id.,* p. 4).  In addition, Plaintiff filed three CDs with the Complaint.  For relief, Plaintiff seeks $41,000,000.  (*Id.,* p. 2).

II.  <u>Standards of Review Under 28 U.S.C. § 1915(e)(2)(B)</u>.

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct.

---

[4] Based on a subsequent filing, the Court discovered that John D. Wilson jointly owns the subject property with Plaintiff. (Doc. 4, p. 47).

1827, 1831-32, 104 L.Ed.2d 338 (1989).[5]  A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 566 U.S. 662, 678, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly,* 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).

---

[5] The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke* was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  *Id.* at 1348-49.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, a court, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 566 U.S. 662. And a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989).

III. <u>Analysis</u>.

    A.  <u>Pleading Standards for Stating a Claim</u>.

Plaintiff's allegations are inadequate, and it is only through the Complaint's attached motion that the Court can develop a sense of what this action is about. Whereas, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint be pled by stating a short and plain statement of the claim, not by attaching documents, CDs, DVDs, or cassette tapes to the complaint in an attempt to have the Court review the information and figure out if there is a claim and what it is. FED.R.CIV.P. 8(a)(2) ("A pleading that states a claim for relief must contain ... a short and plain statement of the claim

7

showing that the pleader is entitled to relief...."). It is not the Court's or a defendant's responsibility to decipher a plaintiff's pleading, *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988), or to act as a plaintiff's *de facto* attorney. *GJR Investments,* 132 F.3d at 1368.

In considering the Complaint's allegations, the Court finds that they are not a plain statement and are jumbled, and as a consequence, they do not provide the required "fair notice" of Plaintiff's claims. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (a plaintiff is required to provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"). The Court attempted to arrange the allegations in the best manner that it could in order to present a logical and coherent claim, even though there is still a disconnectedness present in the allegations. Having organized the allegations, the Court discovered that factual information is missing which prevents Plaintiff from substantively stating claims upon which relief can be granted.

In evaluating the adequacy of the Complaint's allegations, the Court is obligated to apply the pleading standard from *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, *supra,* and *Ashcroft v. Iqbal,* 556 U.S. 662, *supra. Lanfear v. Home Depot, Inc.,* 679

F.3d 1267, 1275 (11th Cir. 2012). This standard requires that Plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974. A complaint that does not nudge the "claims across the line from conceivable to plausible" will be dismissed. *Id.* Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task[.]" *Iqbal,* 556 U.S. at 679, 129 S.Ct. at 1950. Where only the possibility of misconduct can be inferred, "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

To "state a claim to relief that is plausible on its face[,]" a complaint must contain sufficient factual content, accepted as true "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 678, 1949 Id., at 556, 127 S.Ct. 1955 (quoting *Twombly* at 570, 127 S.Ct. 1955). Although this standard does not require "detailed factual allegations," some facts are required to be pled because allegations that are an "unadorned, the-defendant-unlawfully-harmed-me accusation[,]" a "naked assertion devoid of further factual enhancement[,]" "labels and conclusions[,]" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 677, 129 S.Ct. at 1949 (citations and quotation marks omitted).

9

The Court will accept as true the complaint's allegations but not allegations that are legal conclusions or unwarranted deductions of facts. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009), *overruled on other grounds by Mohamad v. Palestinian Auth.,* 132 S.Ct. 1702 (2012). "In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, 'but we are not required to draw plaintiff's inference.'" *Id.* (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.,* 416 F.3d 1242, 1248 (11th Cir. 2005)).

The Court finds that Plaintiff's allegations fail to give fair notice of his claims and to show that the claims are plausible. Plaintiff's allegations are of the nature that "the-defendant-unlawfully-harmed-me" in that no facts are being offered to show how Defendant harmed him. Furthermore, the allegations of acting contrary to the "spirit of [Alabama] laws" (Doc. 1, p. 3), the Resolution is "defective" (*id.*), the responses were "misleading, stonewalling, surprise and dubious" (*id.*, p. 4), and "contributed to malfeasance" (*id.*),[6] are merely

---

[6] The Court will not discuss further the claim concerning John D. Wilson due to the lack of facts indicating Defendant's involvement in a claim. *See Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir. 1986) (ruling that a plaintiff must causally connect a defendant's actions, omissions, customs, or policies to a deprivation of the plaintiff's constitutional rights in order to state a claim under § 1983).

(Continued)

unsupported conclusions.  Accordingly, Plaintiff's allegations do not meet Rule 8(a)(2)'s pleading requirements and, therefore, do not state a claim upon which relief can be granted.

    B.  <u>Due Process Claim</u>.

Turning to the substantive aspects of Plaintiff's allegations, on the Civil Cover Sheet, Plaintiff describes his action as being for "denial of due process" and for "suppression of evidence."  (Doc. 1-1, p. 1).  In an attempt to construe a due process claim, the Court was not able to find among the Complaint's allegations where Plaintiff was deprived of life, liberty, or property.  The Fifth Amendment provides that that a person will not "be deprived of life, liberty, or property, without due process of law[.]"  U.S.CONST. amend V.  Thus, in order to state a claim for a deprivation of due process, Plaintiff must make a showing that his liberty or property has been taken from him and that he was not afforded due process in the taking.  *Swarthout v. Cooke*, ___ U.S. ___,131 S.Ct. 859, 861, 178 L.Ed.2d 732 (2011) ("As for the Due Process Clause, standard analysis under that provision proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the

procedures followed by the State were constitutionally sufficient."). Plaintiff has not shown that he has been deprived of one of the protected interests. Thus, he failed to state a claim upon which relief can be granted for a violation of his due process rights.

However, in order to state a section 1983 claim, Plaintiff must show that his constitutional rights were violated. *Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir. 1986). By Plaintiff's failure to show a violation of a constitutional right in regard to his due process claim, he has failed to state a section 1983 claim.

The Court observes its conclusion is supported by Plaintiff's filing titled "Evidence," which he filed subsequent to the Complaint.[7] (Doc. 4). Submitted with this filing is a newspaper article showing that the Selma City Council listed several properties found to be dangerous or a nuisance, which included the subject property owned by George W. Wilson and John D. Wilson. (*Id.,* p. 47). These properties were in violation of the city's code, and they were approved for demolition in the event the property owner did not clean the property or demolish

---

[7] This 64-page document, which consists mostly of documents, is being treated as evidence even though the Court is not a repository for evidence, particularly at this point in the action. Typically, evidence is filed with the Court at summary judgment or at trial.

it within thirty one days. (*Id.*). The city attorney said the clerk would be sending the property owners a certified letter informing them that their property is in violation of the city code and the owners could appeal to the Board of Adjustment. (*Id.*).

Additionally, a copy of a document from the state court case that Plaintiff brought against Defendant in the Circuit Court of Dallas County, *Wilson v. City of Selma, Alabama*, CV-08-196, was contained in the mass of information filed by Plaintiff. (*Id.,* p. 44-45). This document is Defendant's "Motion to Withdraw Counterclaim and Motion to Dismiss Plaintiff's Complaint A[s] Moot," which reflects that Defendant agreed to let Plaintiff petition the City Council again, and if necessary the Board of Adjustments, for the purpose of not declaring the building a nuisance; to provide Plaintiff procedural due process as required by Alabama law for the purpose of presenting his position as to why his property should not be declared a nuisance; and to not taking any action against the property unless he is given notice. (*Id.*). This information tends to indicate that Plaintiff is being afforded due process in regard to the building, and undercuts a due process claim.

    C.    <u>State-Court Discovery Claim</u>.

The other claim that Plaintiff advances is based on Defendant's "suppression of evidence" and failure to "provide subpoenaed/discovery evidence."  These allegations are construed by the Court as Plaintiff's dissatisfaction with the evidence or information that Defendant produced during discovery in the state court case that Plaintiff brought.  These allegations, however, do not present a violation of a federal right.  The right to discovery in a state court case is governed by Rule 26 of the Alabama Rules of Civil Procedure.  *Zaden v. Elkus,* 881 So.2d 993, 1003 (Ala. 2003).  Rule 26 only provides for the discovery of relevant information.  ALA.R.CIV.P. 26(b) (Discovery Scope and Limits).  If a problem occurs with discovery in the state court case, Plaintiff should bring it to the attention of the state courts.  *Cf. Rolleston v. Eldridge,* 848 F.2d 163, 165 (11th Cir. 1988) ("A section 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court.").  Accordingly, Plaintiff failed to state a claim for a violation of a constitutional right and thus has failed to state a § 1983 claim.

    D.   <u>Other Claims</u>.

In addition to bringing a § 1983 claim, Plaintiff also identified 42 U.S.C. §§ 1985 and 1988 as bases for his claims.  In regard to both statutes, Plaintiff did not specify the provision under the statute on which he bases his claims.

Section 1985 contains three subsections, and after an examination of them, the Court finds that Plaintiff's allegations are not consistent with a claim based on § 1985.[8]

---

[8] Section 1985 provides:

Conspiracy to interfere with civil rights

(1) Preventing officer from performing duties

If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

(2) Obstructing justice; intimidating party, witness, or juror

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(Continued)

15

*See Kush v. Rutledge,* 460 U.S. 719, 724-26, 103 S.Ct. 1483, 1486-87, 75 L.Ed.2d 413 (1983) (discussing the different causes of action arising under § 1985). And section 1988[9] has three

---

    (3) Depriving persons of rights or privileges

    If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

    [9] Section 1988 provides:

    Proceedings in vindication of civil rights

    (a) Applicability of statutory and common law

    The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to
(Continued)

subsections; none of which create an independent cause of action.  *Moor v. Alameda County,* 411 U.S. 693, 702, 93 S.Ct. 1785, 1792, 36 L.Ed. 2d 596 (1973) ("Section 1988 does not enjoy the independent stature of an 'Act of Congress providing for the

---

the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

    (b) Attorney's fees

    In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

    (c) Expert fees

    In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee.

protection of civil rights,' 28 U.S.C. s 1343(4). Rather, as is plain on the face of the statute, the section is intended to complement the various acts which do create federal causes of action for the violation of federal civil rights.") (citation omitted); *Estes v. Tuscaloosa County, Ala.*, 696 F.2d 898, 901 (11th Cir. 1983). Thus, Plaintiff has not stated a claim under §§ 1985 and 1988.

IV. Conclusion.

Based upon the foregoing reasons, the Court finds that this action is due to be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's

Recommendation" within ten days[10] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection. A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 17th day of July, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

---

[10] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).